**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JEAN RIDNIEL MARTINEZ MARTINEZ,

     Petitioner,

v.

WARDEN, Torrance County Detention Center; MARY DE ANDA-YBARRA, Field Office Director, ICE Enforcement and Removal Operations, EL Paso Field Office; DAVID J. VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,

     Respondents.

Case No. 1:26-cv-02415-MIS-GBW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Jean Ridniel Martinez Martinez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 27, 2026. The federal Respondents filed a Response on August 10, 2026 ("Response").[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

**I.    Relevant background**

Petitioner is a citizen of Cuba who entered the United States near Hidalgo, Texas, without inspection on July 10, 2021. Pet ¶ 2. Shortly thereafter, Petitioner was taken into custody by

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

Department of Homeland Security officials, processed, and released after indicating he was fearful of returning to Cuba. Id.

Within a year of his release, Petitioner filed an applications for asylum, withholding of removal, and protection under the Convention Against Torture, as well as an application for adjustment of status pursuant to the Cuban Adjustment Act. Id. ¶¶ 3, 30.

On October 29, 2025, Border Patrol agents arrested Petitioner after responding to a request from the United States Coast Guard Sector Miami. Resp. ¶ 1-3. Petitioner has been detained ever since and is currently being held in detention at the Torrance County Detention Center in Estancia, New Mexico. Pet. ¶ 1.

On December 10, 2025, DHS issued Petitioner a Notice to Appeal placing Petitioner in removal proceedings. Id. ¶ 32. Just over a week later, Petitioner received a custody redetermination hearing at which the Immigration Judge denied Petitioner bond on grounds the court lacked jurisdiction. Order of the Immigration Judge, December 18, 2025, at 1, ECF No. 5-3.

On April 16, 2026, Immigration Judge Jessica K. Miles ordered Petitioner's application for adjustment of status be granted under the Cuban Adjustment Act and that Petitioner's applications for asylum and withholding of removal under the Convention Against Torture ("CAT") remain unadjudicated, with the Order noting Petitioner "opened three different businesses in the United States" and "has done everything legally required of him, including appearing for his ICE appointment check ins." Order of the Immigration Court, April 16, 2026, at 8-9, ECF No. 5-5.

On April 20, 2026, Respondents filed an appeal of the Immigration Judge's April 16th Order granting Petitioner adjustment of status. Resp. ¶ 10. That appeal remains pending. Id.

On July 10, 2026, Petitioner received a second custody redetermination hearing at which the Immigration Judge again denied Petitioner bond, this time stating that Petitioner was a "danger

to the community" and "flight risk" as well as referencing his manner of entry. Order of the Immigration Judge, July 10, 2026, at 1, ECF No. 5-4.

On July 27, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. ECF No. 1. Respondents filed a Response on August 10, 2026, ECF No. 5.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues that his prolonged detention—now exceeding nine months—is excessive and a violation of both his Fifth Amendment due process rights and his rights under the INA. Pet. at 16-19. He seeks immediate release. Id. at 21.

Respondents argue that Petitioner is not entitled to relief because the Immigration Judge's Order granting Petitioner adjustment of status is under appeal and Petitioner has received two individualized bond hearings. Resp. at 3, 6.

Pursuant to the Tenth Circuit's opinion in Santillan Quiroz, because Petitioner was detained in the interior of the United States, he is subject to Section 1226(a), and thus eligible for bond. 180 F.4th at 1237 (10th Cir. June 30, 2026). The Court will assume without deciding that the Immigration Judge's Order of July 10, 2026, was constitutionally adequate because he denied bond, in part, on a finding that Petitioner was a flight risk and danger to the community. ECF No. 5-4 at 1.

However, the Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, No. 2:26-cv-00550, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over nine months, with no reasonably foreseeable end in sight,[2] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore,

---

[2]    As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas, 533 U.S. at 699-701; Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention in light o the Immigration Judge's April 16, 2026, Order. ECF No. 5-5. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Jean Ridniel Martinez Martinez from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3.    Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.    Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE